IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA


ROGER RAFAEL LEBRUN-WILLIAMS,    :
      Petitioner                 :
                                :
    v.                               :        CIVIL NO. 3:CV-13-2264
                                  :
                                :        (Judge Conaboy)
JOHN FISHER,                     :
      Respondent                 :
_____

**MEMORANDUM**
**Background**

Roger Rafeel Lebrun-Williams, an inmate presently confined at the State Correctional Institution, Waymart, Pennsylvania (SCI-Waymart), initiated this _pro se_ petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Service of the Petition was previously ordered.

On January 10, 2011, Petitioner entered a guilty plea to one count of possession with intent to deliver heroin at two separate docket numbers in the Monroe County Court of Common Pleas.  As part of his counseled plea agreement other similar drug charges pending against Lebrun-Williams were withdrawn by the Commonwealth.  The plea agreement also provided that the Commonwealth would not oppose the imposition of concurrent sentences.[1]  During the guilty plea

_____

[1]  As noted by the Pennsylvania Superior Court, the plea agreement entered in one case CP-45-CR-1902-10 acknowledged that the Commonwealth would request a 5 year mandatory sentence.  See Doc. 1, p. 24.

hearing, the Commonwealth also agreed to afford Petitioner an opportunity to become eligible for the State Intermediate Punishment Program (SIP).

Lebrun-Williams was released on bail pending sentencing so he could address charges filed against him in the State of New Jersey and attempt to obtain SIP eligibility.  However, Petitioner's bail was revoked on June 17, 2011 based upon his admission to using opiates (heroin) during his release.  See Doc. 1, p. 38.

The Petitioner was sentenced on July 19, 2011 to a 7 to 14 year aggregate term of incarceration[2] and was deemed eligible for the Recidivism Risk Reduction Incentive (RRRI) a Pennsylvania state sentencing program which allows non-violent offenders opportunity to get out of jail early.[3]  His request for reconsideration of sentence was denied on August 15, 2011.  Petitioner indicates that he did not file a direct appeal.

However, Lebrun-Williams did seek relief under Pennsylvania's Post Conviction Relief Act (PCRA).[4]  He asserts that his PCRA

---

[2]  A  mandatory minimum 5 to 10 year term with a consecutive term of 2 to 4 years .

[3]  The record indicates that Petitioner's RRRI alternative minimum sentence would be 50 months.  See Doc. 1, p. 39.

[4]  One of the avenues for relief in the Pennsylvania legal system is collateral relief under the PCRA, "which permits motions for post-conviction collateral relief for allegations of error, including ineffective assistance of counsel, unlawfully induced guilty pleas, improper obstruction of rights to appeal by Commonwealth officials, and violation of constitutional provisions."  Hankins v. Fulcomer, 941 F.2d 246, 251 (3d Cir.

petition, which was filed August 6, 2012, argued that his plea agreement was breached because the Commonwealth opposed the imposition of concurrent sentences and he was not referred for placement in SIP.  Petitioner also contended that he had received ineffective assistance of counsel.  Following appointment of counsel, submission of an amended PCRA petition, and an evidentiary hearing, Petitioner's PCRA action was denied by the Court of Common Pleas on January 29, 2013.  The Pennsylvania Superior Court denied his appeal on August 14, 2013.

Ground One of Lebrun-Williams' pending action, claims entitlement to federal habeas corpus relief because the Commonwealth allegedly breached the plea agreement by not referring him for placement in the SIP.  See Doc. 1, ¶ 12, p. 5.[5]  Ground Two argues that Petitioner was not advised by his trial counsel at the plea hearing as to the maximum sentence which he faced or that consecutive sentences could be imposed.  See id. at p. 6. Next, Ground Three seeks relief on the basis that the Commonwealth's opposition to the imposition of concurrent sentences violated the plea agreement.  See id. at p. 8.  Ground Four contends that trial

1991).

[5]  The state court docket reflects that the Commonwealth filed a motion to rescind its approval for Petitioner to participate in SIP prior to the entry of the guilty plea.  See Doc. 1, p. 39.  The motion was dismissed as moot because Petitioner's use of heroin while on bail pending sentencing resulted in a negative SIP evaluation.

counsel was ineffective for not filing a requested direct appeal. See id. at p. 9.

Respondent seeks dismissal of Petitioner's action on the basis that he failed to exhaust his available state court remedies.  See Doc. 16, pp. 1-2.  The Respondent further maintains that Petitioner's claim of ineffective assistance of counsel lacks arguable merit.

**Discussion**

**Exhaustion**

The Respondent's initial argument generally maintains that "Petitioner has not completed one full round of the state's established review process before seeking federal review of the first three issues raised in the in the instant petition."  Doc. 16, p. 7.

The United States Court of Appeals for the Third Circuit has stated that "[U]nder 28 U.S.C. § 2254(c), such a petitioner 'shall not be deemed to have exhausted the remedies available in the courts of the State ... if he has the right under the law of the State to raise, by any available procedure, the question presented."  Wenger v. Frank, 266 F.3d 218, 223-24 (3d Cir. 2001). "A state prisoner is generally barred from obtaining federal habeas relief unless the prisoner has properly presented his or her claims through one 'complete round of the State's established appellate review process.'"  Woodford v. Ngo, 548 U.S. 81, 92 (2006)

(internal citations omitted); <u>O'Sullivan v. Boerckel</u>, 526 U.S. 838, 844-45 (1999)(while exhaustion does not require state prisoners to invoke extraordinary remedies, the state courts must be afforded one full opportunity to resolve any constitutional issues via completion of the State's established appellate review process). The United States Supreme Court in <u>O'Sullivan</u> explained, that state prisoners must "file petitions for discretionary review when that review is part of the ordinary appellate review procedure in the State." <u>Id</u>. at 847.  The Supreme Court added that, in determining whether a state prisoner has preserved an issue for presentation in a federal habeas petition, it must be determined not only whether a prisoner has exhausted his state remedies, but also whether he has properly exhausted those remedies, i.e., whether he has fairly presented his claims to the state courts.  <u>See id</u>. at 848.

Fair presentation requires that the "substantial equivalent" of both the legal theory and the facts supporting the federal claim are submitted to the state courts, and the same method of legal analysis applied in the federal courts must be available to the state courts.  <u>Evans v. Court of Common Pleas</u>, 959 F. 2d 1227, 1230 (3d Cir. 1992); <u>Lambert v. Blackwell</u>, 134 F.3d 506, 513 (3d Cir. 1997).  Moreover, to satisfy exhaustion, the state court must be put on notice that a federal claim is being asserted.  <u>Keller v. Larkins</u>, 251 F.3d 408, 413 (3d Cir. 2001).  The exhaustion requirement is satisfied if the petitioner's claims are presented

5

through a collateral proceeding, such as a petition under the PCRA, and it is not necessary to present federal claims to state courts both on direct appeal and in a PCRA proceeding.  <u>Evans</u>, 959 F.2d at 1230.

When a claim has not been fairly presented to the state courts but further state-court review is clearly foreclosed under state law, exhaustion is excused on the ground of futility.  <u>See</u> <u>Lines v. Larkins</u>, 208 F.3d 153, 160 (3d Cir. 2000); <u>Toulson v. Beyer</u>, 987 F.2d 984, 987-88 (3d Cir. 1993).  Such a claim is procedurally defaulted, not unexhausted.  A federal habeas court cannot review a procedurally defaulted claim, "if the decision of [the state] court rests on a state law ground that is independent of the federal question and adequate to support the judgment."  <u>Beard v. Kindle</u>, 558 U.S. 53, 55 (2009).  Procedural default can only be excused if a petitioner can show "cause" and "prejudice" or that a "fundamental miscarriage of justice" would result.  <u>Edwards v. Carpenter</u>, 529 U.S. 446, 451 (2000).

As previously discussed, Lebrun-Williams claims entitlement to federal habeas corpus relief on the grounds that: (1) the Commonwealth breached the plea agreement by not referring him for placement in the SIP; (2) Petitioner was not advised at the plea hearing as to the maximum sentence which he faced or that consecutive sentences could be imposed; (3) the Commonwealth's opposition to concurrent sentences violated the plea agreement; and

6

(4) trial counsel was ineffective for not filing a requested direct appeal.  Petitioner "does not contest the overall procedural history of the case in question."  Doc. 19, p. 1.

Attached to the Petition is a copy of Lebrun-Williams' pro se PCRA petition.  A review of that filing indicates that Petitioner included his pending claims that trial counsel misrepresented the plea agreement and that the plea agreement was breached because the Commonwealth withdrew its approval for Petitioner to participate in the SIP program and concurrent sentences were not imposed. See Doc. 1, p. 58.

A counseled amended PCRA action was thereafter submitted which also alleged that trial counsel was ineffective for not objecting to the Commonwealth's breach of the plea agreement and for not filing a direct appeal as requested.  See id. at p. 54. The amended PCRA petition also noted that although the plea agreement indicated that the Commonwealth would not oppose concurrent sentences, consecutive sentences were imposed and the Commonwealth did not honor its agreement.  It was also alleged that Lebrun-Williams only pled guilty because his attorney told him that he would be given the SIP program.  See id. at p. 55.

In a letter dated February 19, 2013 which is attached to the Petition, Lebrun-Williams indicates that he wished his PCRA appeal to include two issues.  First, the PCRA court erred by not restoring his appellate rights.  See id. at p. 50.  Second, the Commonwealth breached the plea agreement by opposing concurrent sentences at the sentence reconsideration hearing.  See id.

7

A second letter attached to the Petition and dated May 14, 2013 and addressed to the Superior Court indicates that Petitioner was disappointed that his PCRA appeal to the Superior Court did not include his concurrent sentence related breach of the plea agreement related claim.  See id. at p. 47.  His letter added that it was his intention to pursue claims that the Commonwealth breached the plea agreement by opposing concurrent sentences and that trial counsel was ineffective for not informing him that a plea with no mandatory minimum was offered.  See id. at p. 46.

The Superior Court's PCRA decision states that "Appellant asserts his guilty plea is invalid because trial counsel failed 'to inform [him] that sentencing was at the discretion of the judge and that there was no sentencing agreement.' Specifically, Appellant asserts that he was surprised he received consecutive sentences and did not receive an SIP sentence." Doc. 16-1, p. 6.  The Superior Court also indicated that Lebrun-Williams raised a claim that trial counsel failed to file a direct appeal as requested.  See id. at p. 3.

Based upon the Superior Court's description of Petitioner's PCRA appeal it is apparent that the substance of the pending habeas corpus claims were presented to the Superior Court for review. As such, the Respondent's request for dismissal on the basis of non-exhaustion will be denied.

**Merits**

Respondent alternatively contends that Petitioner's arguments for federal habeas corpus relief lack merit.  See Doc. 15, p. 4.

"The Antiterrorism and Effective Death Penalty Act of 1996 modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." <u>Bell v. Cone</u>, 535 U.S. 685, 693 (2002).

Specifically, when a federal-law issue has been adjudicated on the merits by a state court, the federal court reverses only when the decision was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the United States Supreme Court.  28 U.S.C. § 2254(d)(1).[6]  <u>See generally</u>, <u>Knowles v. Mirzayance</u>,  U.S. 111, 114 (2009); <u>Gattis v. Snyder</u>, 278 F.3d 222, 234 (3d Cir. 2002); <u>Moore v. Morton</u>, 255 F.3d 95, 104-05 (3d Cir. 2001).  The Supreme Court has held that the "contrary to" and "unreasonable application" clauses of § 2254(d)(1) have independent meaning.  <u>Williams v. Taylor</u>, 529 U.S. 362, 404-405 (2000).  As explained in <u>Bell</u>, 535 U.S. at 694:

> A federal habeas court may issue the writ under the 'contrary to' clause if the state court applies a rule different from the governing law set forth in our cases, or if it decides a case

---

[6]  Specifically, 28 U.S.C. § 2254(d)(1) provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; . . . .

> differently than we have done on a set of
> materially indistinguishable facts. . . . The
> court may grant relief under the 'unreasonable
> application' clause if the state court
> correctly identifies the governing legal
> principle from our decisions but unreasonably
> applies it to the facts of the particular case.
> . . . The focus of the latter inquiry is on
> whether the state court's application of
> clearly established federal law is objectively
> unreasonable . . . .

Furthermore, resolution of factual issues by the state courts are presumed to be correct unless the petitioner shows by clear and convincing evidence that they are not.  28 U.S.C. § 2254(e)(1).

In summary, the appropriate inquiry for federal district courts in reviewing the merits of Section 2254 petitions is whether the state court decisions applied a rule different from the governing law set forth in United States Supreme Court cases, decided the case before them differently than the Supreme Court has done on a set of materially indistinguishable facts, or unreasonably applied Supreme Court governing principles to the facts of the particular case.  See Keller v. Larkins, 251 F.3d 408, 417-18 (3d Cir. 2001) (a district court entertaining a § 2254 action must first address whether the state court decision was contrary to Supreme Court precedent); Martini v. Hendricks, 188 F. Supp.2d 505, 510 (D. N.J. 2002) (a § 2254 applicant must show that the state court decision was based on an unreasonable determination of facts in light of evidence presented in the state court proceeding).  Findings of fact by the state courts are presumed to be correct unless the petitioner shows by clear and convincing evidence that they are not.  See  28 U.S.C. § 2254(e)(1).

In <u>Strickland v. Washington</u>, 466 U.S. 668, 688 (1984), the United States Supreme Court held that to prove a constitutional violation for ineffective assistance of counsel, a habeas petitioner must meet a two-pronged test.  The petitioner must show "that counsel's performance was deficient" and that "the deficient performance prejudiced the defense."  <u>Id</u>. at 687; <u>accord</u> <u>Deputy v. Taylor</u>, 19 F.3d 1485, 1493 (3d Cir. 1994).  In <u>Deputy</u>, the United States Court of Appeals for the Third Circuit also noted that it was not bound by any state court determinations as to a counsel's performance.  <u>Id</u>. at 1494.

To demonstrate deficient performance, a petitioner must show that "counsel's performance fell below an objective standard of reasonableness."  <u>Strickland</u>, 466 U.S. at 688; <u>Jermyn v. Horn</u>, 266 F.3d 257, 282 (3d Cir. 2001). A reviewing court must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."  <u>Strickland</u>, 466 U.S. at 689; <u>Jermyn</u>, 266 F.3d at 282; <u>Berryman v. Morton</u>, 100 F.3d 1089, 1094 (3d Cir. 1996).  If, under the circumstances, counsel's actions might be considered sound trial strategy, the presumption is not rebutted, <u>Strickland</u>, 466 U.S. at 689, because "substantial deference is to be accorded counsel's tactical decisions."  <u>United States v. Wiener</u>, 127 F. Supp. 2d  645, 648 (M.D. Pa. 2001).  A decision supported by "reasonable professional judgment does not constitute ineffective assistance of counsel.  <u>See</u> <u>Burger v. Kemp</u>, 483 U.S. 776, 794 (1987).  It follows that counsel cannot be deemed ineffective for pursuing a meritless claim.  <u>Hartey v. Vaughn</u>, 186

F.3d 367, 372 (3d Cir. 1999).

A petitioner satisfies the second prong and show prejudice when "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694; Frey v. Fulcomer, 974 F.2d 348, 358 (3d Cir. 1992) "Without proof of both deficient performance and prejudice to the defense . . . it could not be said that the sentence or conviction resulted from a breakdown in the adversary process that rendered the result of the proceeding unreliable, and the sentence or conviction should stand." Bell, 535 U.S. at 695 (internal quotations and citation omitted).[7]

At the time of Petitioner's state court proceedings, Strickland's familiar two-pronged test was the "clearly established federal law" applicable to ineffective assistance of counsel claims.  In addressing Lebrun-Williams' present ineffective assistance claims, the state courts applied essentially the same two-prong test for ineffective assistance articulated in Strickland.

Specifically, under Pennsylvania state jurisprudence, a three-prong test is applied to ineffective assistance of counsel claims, but is, in substance, identical to the Strickland test.  See, e.g.,

---

[7] A court may choose to address the prejudice prong first and reject an ineffective assistance claim solely on the basis that the defendant was not prejudiced.  See Rolan v. Vaughn, 445 F.3d 671, 678 (3d Cir. 2006).

Commonwealth v. Pierce, 527 A.2d 973, 975-77 (Pa. 1987).  The Third Circuit has held that Pennsylvania's test for assessing ineffective assistance of counsel claims is not contrary to Strickland.  Jacobs v. Horn, 395 F.3d 92, 107 n.9 (3d Cir. 2005); Werts v. Vaughn, 228 F.3d 178, 204 (3d Cir. 2000).  Thus, it cannot be said that the state courts applied rules contrary to prevailing principles established by the Supreme Court for the adjudication of ineffective assistance claims.

Accordingly, under § 2254(d)(1), the relevant inquiry in addressing the pending ineffectiveness claims is whether the Pennsylvania state courts' decisions involved an unreasonable application of Strickland or were based on an unreasonable determination of the facts.  Jacobs, 395 F.3d at 107 n.9; Werts, 228 F.3d at 204.

Next, a habeas petitioner "faces a heavy burden in challenging the voluntary nature of his guilty plea."  Lesko v. Lehman, 925 F.2d 1527, 1537 (3d Cir. 1991).  A court's inquiry "is ordinarily confined to whether the underlying plea was both counseled and voluntary."  United States v. Broce, 488 U.S. 563, 569 (1989). Federal habeas challenges to the voluntary nature of a guilty plea based on unfulfilled promises or representations "must advance specific and credible allegations."  Zilich v. Reid, 36 F.3d 317, 320 (3d Cir. 1994).

Criminal defendants who enter into plea agreements must be advised of the direct consequences of their plea.  The Third Circuit has stated that the only consequences considered direct are

the maximum prison term and fine for the offense charged.  Parry v. Rosemeyer, 64 F.3d 110, 113-14 (3d Cir. 1995).  There is no due process requirement that a defendant be advised of adverse collateral consequences of pleading guilty, even if they are foreseeable.  Belle v. Varner, 2001 WL 1021135 *10 (E.D. Pa. 2001).

Petitioner and his trial counsel executed a standard written (Doc. 16-2) plea colloquy which clearly advised the defendant that: he faced a 7½ to 15 year maximum sentence; the Commonwealth would not oppose the imposition of a concurrent sentence; and that the Court was not required to accept the plea agreement.  Lebrun-Williams' written colloquy also acknowledged that he was satisfied with the performance of his attorney and that he had committed the charged offenses.

It is also undisputed that the trial court also conducted an oral plea colloquy at which time Petitioner was told that he would be evaluated for participation in the SIP program.  See Doc. 16-3, p. 20.  However, the record indicates that Lebrun-Williams lost eligibility for the SIP program when he tested positive for heroin while released on bail pending sentencing.  See id.  Moreover, Petitioner was aware of his SIP ineligibility prior to sentencing and did not request to withdraw his plea.  See id. at p. 37.

As noted by the Superior Court, during the oral plea colloquy, the trial court specifically informed Petitioner that there was no guarantee that he would get SIP approval and that any conversations between Petitioner and his attorney and/or the Commonwealth as to what sentence would be imposed were not binding on the court.  See

Doc. 16-1, p. 7.  During the PCRA hearing, Petitioner's trial counsel also testified that she never promised Lebrun-Williams that he would receive concurrent sentences only that the Commonwealth would not oppose the imposition of such a sentence.[8]  Additionally, counsel testified that she never assured Petitioner that he would receive an SIP sentence.

Based upon a thorough review of the record, especially the written plea colloquy described above, this Court is satisfied that the due process requirements set forth in Broce and Parry were satisfied.  It is apparent that both trial counsel and the trial court adequately discussed with Petitioner the terms and ramifications of his plea agreement.[9]  There has also not been any facts presented showing that trial counsel's performance was deficient.  Likewise, it has not been established that the Commonwealth reversed its position and opposed the imposition of concurrent sentences.  On the contrary, Petitioner's attorney gave PCRA testimony that the Commonwealth honored its agreement despite the positive heroin test.  See Doc. 16-3, p. 38.  Accordingly, the Petitioner has simply failed to establish either ineffective assistance of counsel or that there was a breach of his plea agreement.

---

[8]  The trial court found trial counsel's testimony to be credible.

[9]  While Petitioner may have anticipated a lesser sentence or SIP eligibility, there is no basis for a determination that counsel's performance was deficient.  If anything, it would appear that any fault rests with Petitioner's ill advised use of heroin while on bail awaiting sentencing.

The final argument for relief asserts that trial counsel neglected to file a direct appeal as requested by Petitioner.  Both the PCRA and Superior Court denied relief with respect to said argument.  During the PCRA hearing trial counsel testified that she did not recall Petitioner making a request to file a direct appeal. The PCRA court deemed that testimony to be credible.  Given the PCRA testimony of trial counsel and Petitioner's failure to present evidence other than his own vague recollection of leaving a direct appeal request on counsel's voicemail, he has failed to establish by clear and convincing evidence that the state courts' determination was an unreasonable determination of the facts.

**Conclusion**

In conclusion, despite having been afforded a liberal review by this Court, Lebrun-Williams has not satisfied his burden of establishing any entitlement to federal habeas corpus relief. Accordingly, his habeas corpus petition will be denied.  An appropriate Order will enter.

S/Richard P. Conaboy
RICHARD P. CONABOY
United States District Judge

DATED: DECEMBER 9, 2015

16